IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 4:13cv3038 |
| vs. | ) | |
| | ) | |
| $8,189.00 IN UNITED STATES CURRENCY, | ) | |
| | ) | AMENDED ORDER FOR |
| | ) | PROGRESSION OF |
| Defendant, | ) | CIVIL FORFEITURE CASE |
| | ) | |
| JOHN SALINAS, | ) | |
| | ) | |
| Claimant. | ) | |

This matter is before the Court on the Consent Motion to Extend Progression Order Deadlines (filing 23). The motion is granted.

Accordingly,

**IT IS ORDERED** that the parties ("parties" includes claimants) shall abide by the following:

1. **Mandatory Disclosures** . Although this is an action *in rem*, the parties shall serve the disclosures described in Fed. R. Civ. P. 26(a)(1)(I) and (ii) by **April 4, 2014**. The parties shall serve the disclosures described in Fed. R. Civ. P. 26(a)(2) by **May 5, 2014**. The parties shall serve the disclosures described in Fed. R. Civ. P. 26(a)(3) by **June 5, 2014**.

2. The **filing of disclosures** under Fed. R. Civ. P. 26(a)(1), and (2), as well as the filing of discovery documents, depositions, and disclosures required by this order shall be governed by NECivR 26.1. The disclosures required by Fed. R. Civ. P. 26(a)(3) shall be filed when served. **Note: Disclosures that are filed should be redacted so no personal information (e.g., home addresses, phone numbers, Social Security numbers, etc.) is made part of the public record.**

3. **Withholding Documents from Disclosure or Discovery.** If any document is withheld from production or disclosure on the grounds of privilege or work product, the producing party shall disclose the following information about each such document withheld: a description of the document withheld with as much specificity as is practicable without disclosing its contents, including (a) the general nature of the document; (b) the identity and position of its author; (c) the date it was written; (d) the identity and position of

its addressee; (e) the identities and positions of all persons who were given or have received copies of it and the dates copies were received by them; (f) the document's present location and the identity and position of its custodian; and (g) the specific reason or reasons why it has been withheld from production or disclosure.

4. **Limits on Discovery.** Each party is limited to serving **twenty-five (25)** interrogatories on any other party. The plaintiffs as a group, and the defendants as a group, are each limited to taking **ten (10)** depositions in this case, without leave of court.

5. **Motions for Summary Judgment.** All motions to dismiss or for summary judgment shall be filed not later than **May 5, 2014**. See NECivR 56.1 and 7.1.

6. **Adding Parties; Amending Pleadings.** Any motion to amend pleadings and/or add parties shall be filed **not later than April 4, 2014**.

7. In lieu of a final pretrial conference, counsel and any *pro se* parties shall prepare a proposed final pretrial conference order in accordance with NECivR 16.2 and submit it to the undersigned magistrate judge by **July 1, 2014**. In the event the court requires additional information or a conference with counsel and any *pro se* parties, the court will arrange a telephone conference after receipt of the proposed final pretrial conference order.

8. Trial is tentatively set for the **month of October, 2014**, and is tentatively scheduled for **one (1) trial day**.

9. **Motions to alter dates**. All requests for changes of deadlines established by this order shall be directed to the magistrate judge by appropriate motion.

**DATED February 5, 2014.**

BY THE COURT:

S/ F.A. Gossett
**United States Magistrate Judge**