IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>          Plaintiff,<br><br>vs.<br><br>$8,189.00 IN UNITED STATES CURRENCY,<br><br>          Defendant. | 4:13CV3038<br><br>MEMORANDUM AND ORDER |

Before the Court are the Plaintiff's Motion to Strike Claim (Filing No. 29), and the Findings and Recommendation (Filing No. 31) by United States Magistrate Judge F.A. Gossett, recommending that the Motion be granted.  For the reasons stated below, the Findings and Recommendation will be adopted and the Motion to Strike will be granted.

BACKGROUND

The United States filed its Complaint (Filing No. 1) on February 20, 2013, for forfeiture of the defendant currency. Claimant John Salinas ("Salinas") filed a Claim (Filing No. 12) and Answer (Filing No. 13) to the Complaint on May 29, 2013.  On March 20, 2014, Salinas's counsel moved to withdraw on the grounds that he had been unable to communicate with Salinas. (Filing No. 26.) The Court granted the motion to withdraw on March 21, 2014, and directed Salinas's counsel to mail copies of the Court's Order to Salinas. (Filing No. 27.) The Order also directed Salinas to file written notice with the Court of his current address and telephone number within five days of being served with the Order. (*Id.* at 1.) The Order notified Salinas that until substitute counsel entered an appearance on his behalf, Salinas had the responsibility to comply with all court orders,

the Federal Rules of Civil Procedure, and the Local Rules of Practice. (*Id.* at 1-2.) The Order further stated that failure to do so could result in the imposition of sanctions, including the entry of default judgment. (*Id.*)

Salinas's prior counsel filed a Certificate of Service (Filing No. 28) on April 14, 2014, indicating that he was unable to serve Salinas with the Order, but that he informed Salinas of the Order's content. (Filing No. 30 ¶¶ 1-2.) Prior counsel asked Salinas for his current address and phone number, but Salinas did not provide any contact information. (*Id.*) The United States moved to strike Salinas's Claim and Answer, and for entry of default judgment. (Filing No. 29.) Salinas has not responded to the Motion.[1]  Judge Gossett recommended that the Motion to Strike be granted, and that default judgment be entered in favor of the United States against Salinas.

## DISCUSSION

Under 28 U.S.C. § 636(b)(1)(C), the Court conducted a *de novo* review of the record and adopts the Findings and Recommendation in their entirety.  Federal Rule of Civil Procedure 37 allows a district court to dismiss an action or proceeding in whole or in part for failure to obey a discovery order. Fed. R. Civ. P. 37(b)(2)(A). "Dismissal as a discovery sanction is available only if there is '(1) an order compelling discovery, (2) a willful violation of the order, and (3) prejudice to the other party.'" *Bergstrom v. Frascone*, 744 F.3d 571, 576 (8th Cir. 2014) (quoting *Schoffstall v. Henderson*, 223 F.3d 818, 823 (8th Cir. 2000)). The Eighth Circuit also requires that, before dismissing a case as a discovery sanction, a district court "must investigate whether a sanction less

---

[1] The docket indicates that the Order was mailed to Salinas and returned as undeliverable. (Filing No. 32.)

extreme than dismissal would suffice, *unless* the party's failure was deliberate or in bad faith." *Id.* (internal quotations omitted) (emphasis in original).

The record demonstrates that Judge Gossett entered an order compelling discovery. The Court's Order of March 21, 2014 (Filing No. 27), directed Salinas to file written notice of his current address and telephone number within five business days of being served with the Court's Order. The Order required Salinas to comply with court orders and the Federal and Local Rules, including discovery rules. The Order further advised Salinas of the potential consequences of his failure to comply by listing several of the possible sanctions enumerated in Rule 37(b). Accordingly, the Court's Order is an order to provide or permit discovery under Rule 37(b)(2).

The record also demonstrates that Salinas willfully failed to comply with the Order. "Willful as used in the context of a failure to comply with a court order . . . implies a conscious or intentional failure to act, as distinguished from accidental or involuntary noncompliance." *Omaha Indian Tribe, Treaty of 1854 with U.S. v. Tract I-Blackbird Bend Area*, 933 F.2d 1462, 1468-69 (8th Cir. 1991). Salinas's prior counsel filed a Certificate of Service (Filing No. 28) stating he was unable to serve Salinas with the Order. However, prior counsel informed Salinas of the Order's content. (*Id.* ¶ 2.) The Certificate also states Salinas refused to provide his current address and telephone number, and additional attempts to contact Salinas were unsuccessful. (*Id.*) The Court is satisfied that Salinas was informed of the Order's contents, and consciously failed to comply.

Finally, the record shows the United States has been, and potentially would be, prejudiced by Salinas's failure to comply with the Order. Discovery cannot proceed effectively absent Salinas's contact information or appearance by new counsel. Thus, Salinas's noncompliance prevents the parties and the Court from proceeding in this action.

A less severe sanction would be ineffective because there is no indication that Salinas plans to continue to pursue his claim.[2]

## CONCLUSION

The record demonstrates that Salinas willfully failed to comply with a discovery order. The Court has reviewed the record, considered less severe sanctions, and concludes dismissal is reasonable. Accordingly,

IT IS ORDERED:

1. The Findings and Recommendation (Filing No. 31) entered on June 18, 2014, by United States Magistrate Judge F.A. Gossett are adopted in their entirety;

2. Plaintiff's Motion to Strike Claim (Filing No. 29) is granted;

3. The Claim (Filing No. 12) and Answer (Filing No. 13), filed by Claimant John Salinas, are stricken; and

4. A separate default judgment in accordance with this Memorandum and Order will be entered in favor of the Plaintiff as against Claimant John Salinas.

Dated this 17th day of July, 2014.

BY THE COURT:

s/Laurie Smith Camp
Chief United States District Judge

---

[2] Although the Court has considered less severe sanctions, Salinas's noncompliance appears to be deliberate. Under *Bergstrom v. Frascone*, consideration of less severe sanctions may be unnecessary.